BC FILED EK
6/15/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **NIPPON LIFE INSURANCE COMPANY OF AMERICA,**<br>Plaintiff,<br>v.<br>**OPENAI FOUNDATION, and OPENAI GROUP PBC,**<br>Defendants. | Case No. 1:26-cv-02448<br>Hon. John F. Kness |

**SUPPLEMENTAL STATEMENT OF DR. MICHAEL SPECE IN RESPONSE TO JUNE 10, 2026 MINUTE ORDER**

Dr. Michael Spece submits this Supplemental Statement in response to the Court's June 10, 2026 minute order, ECF No. 24, subject to his separately submitted Motion for Leave to File Instanter Supplemental Statement.

# I. Licensure Status

Dr. Spece is not a lawyer and is not licensed to practice law in any jurisdiction. He does not seek to appear as counsel for any party. He does not seek to represent any person, class, organization, or constituency. He seeks only leave to submit his own proposed amicus brief as an individual nonparty.

# II. Nonlawyer Nonparty Amicus Issue

Dr. Spece understands the Court's concern. A nonlawyer may not represent another person in federal court, sign filings for another person, or appear as counsel for another person. Dr. Spece's motion does not ask to do any of those things. The proposed amicus filing would be Dr. Spece's own submission, signed by him, offered only for whatever assistance the Court may find in it, and subject to the Court's discretion.

On expedited review, Dr. Spece has not located a binding federal district-court decision squarely holding that a nonlawyer nonparty has a right to file an amicus brief. He does not claim such a right. The question, as Dr. Spece understands it, is whether the Court has discretion to consider a nonparty's proposed amicus submission when the submission may assist the Court and does not constitute representation of another person.

The Seventh Circuit's amicus standard focuses on usefulness to the court, not the proposed amicus's professional status. In *Ryan v. Commodity Futures Trading Commission*, the court

1

stated that an amicus brief should normally be allowed when, among other circumstances, "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." 125 F.3d 1062, 1063 (7th Cir. 1997).[1] In *Voices for Choices v. Illinois Bell Telephone Co.*, the court likewise framed the question as whether the proposed brief would assist the judges by presenting "ideas, arguments, theories, insights, facts, or data" beyond what the parties provide. 339 F.3d 542, 545 (7th Cir. 2003).[2]

Public docket materials also show that self-represented individual amici are not unknown to courts. For example, in *Strauss v. Horton*, the California Supreme Court docket reflects that permission to file an amicus curiae brief was granted to Michael J. McDermott and that his brief was filed "in pro se," and the same docket reflects that permission was granted to Archbishop Mark Steven Shirilau with an amicus brief filed "in pro se."[3] In *Coscia v. McKenna & Cuneo*, the California Supreme Court docket reflects that permission to file an amicus curiae brief was granted to Gene Moran "in pro-se."[4] These state-court docket examples are not binding and do not decide this Court's question. Dr. Spece cites them only to show that self-represented individual amicus submissions have been permitted in at least some courts.

Dr. Spece respectfully submits that his proposed amicus filing is not the practice of law. It does not ask the Court to let him conduct litigation for anyone else. It asks only whether the Court wishes to receive his own user-side perspective on an issue that directly concerns self-represented court users and AI-assisted legal self-help.

# III. Requested Treatment

Dr. Spece respectfully asks the Court to consider the pending motion for leave, ECF No. 21, under the ordinary discretionary amicus standard. If the Court concludes that a nonlawyer nonparty should not be permitted to file an amicus brief here, Dr. Spece respectfully requests that the Court simply deny the motion for leave or deem it withdrawn, without any finding that Dr. Spece attempted to represent another person or practice law.

Dated: June 15, 2026

/s/ Michael Spece
Dr. Michael Spece
Proposed Amicus Curiae
8917 River Rd 7
North Bergen, NJ 07047
Telephone: 212-CONSULT (212-266-7858)
Email: Michael@Spece.AI

---

[1] https://law.justia.com/cases/federal/appellate-courts/F3/125/1062/543588/.
[2] https://law.justia.com/cases/federal/appellate-courts/F3/339/542/603399/.
[3] https://scocal.stanford.edu/opinion/strauss-v-horton-33019.
[4] https://scocal.stanford.edu/opinion/coscia-v-mckenna-cuneo-32219.

## CERTIFICATE OF SERVICE

I certify that on June 15, 2026, I served the foregoing Supplemental Statement of Dr. Michael Spece in Response to June 10, 2026 Minute Order and the separately submitted Motion for Leave to File Instanter Supplemental Statement by electronic mail on counsel of record:

- Justin Wax Jacobs, counsel for Plaintiff Nippon Life Insurance Company of America, J-WaxJacobs@nipponlifebenefits.com.

- David G. Jorgensen, counsel for Plaintiff Nippon Life Insurance Company of America, djorgensen@crokefairchild.com.

- Steven P. Mandell, counsel for Defendants OpenAI Foundation and OpenAI Group PBC, smandell@mandellpc.com.

- John P. Flynn, counsel for Defendants OpenAI Foundation and OpenAI Group PBC, jflynn@wsgr.com.

- Joshua A. Baskin, counsel for Defendants OpenAI Foundation and OpenAI Group PBC, jbaskin@wsgr.com.

Dated: June 15, 2026

/s/ Michael Spece
Dr. Michael Spece
Proposed Amicus Curiae
8917 River Rd 7
North Bergen, NJ 07047
Telephone: 212-CONSULT (212-266-7858)
Email: Michael@Spece.AI

3