TG

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

NIPPON LIFE INSURANCE COMPANY OF AMERICA,

Plaintiff,

v.

OPENAI FOUNDATION, and OPENAI GROUP PBC,

Defendants.

Case No. 1:26-cv-02448

**Judge John F. Kness**

**Magistrate Judge Gabriel A. Fuentes**

**MOTION OF NIMA GHARAVI FOR LEAVE TO FILE**
**BRIEF AS AMICUS CURIAE IN SUPPORT OF NEITHER PARTY**

FILED

JUN 22 2026 TG

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Pursuant to Local Rule 5.6, Nima Gharavi ("Mr. Gharavi") respectfully moves for leave to file the attached proposed brief as *amicus curiae* in support of neither party. The proposed brief is attached as Exhibit 1. On June 12, 2026, Mr. Gharavi contacted all counsel of record requesting their positions on this filing; no response has been received.

## I. INTEREST OF AMICUS CURIAE

Mr. Gharavi is a *pro se* litigant who has, with AI assistance, obtained injunctive relief on the merits of copyright claims, prevailed in a contested subpoena proceeding against a multinational social media platform represented by an AmLaw 100 firm, and received a ruling subsequently cited as persuasive authority by another federal court. He represents the interests of *pro se* litigants who rely on AI assistance in federal court—a class directly and materially affected by the outcome of this litigation that neither party represents. No party or counsel for a party authored this brief in whole or in part, and no person other than Mr. Gharavi contributed money intended to fund its preparation or submission.

## II. A NON-ATTORNEY MAY SERVE AS AMICUS CURIAE

No applicable rule requires the movant to be an attorney. The D.C. Circuit expressly granted a motion by Professor Eric Rasmusen—an Indiana University economics professor who made no representation of bar membership—to participate as *amicus curiae*. Per Curiam Order, *In re Flynn*, No. 20-5143 (D.C. Cir. June 10, 2020) (granting non-attorney leave to appear as *amicus curiae*); *see also In re Flynn*, 961 F.3d 1215 (D.C. Cir. June 24, 2020), *reh'g en banc granted, order vacated*, No. 20-5143, 2020 WL 4355389 (D.C. Cir. July 30, 2020), *and on reh'g en banc*, 973 F.3d 74, 85 (D.C. Cir. Aug. 31, 2020) (en banc reversal addressed merits of mandamus relief; amicus participation order unaffected). Requirements for *amicus* participation should be "broadly interpreted." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d

Cir. 2002). The perspective Mr. Gharavi offers—first-person empirical evidence of what AI-assisted *pro se* federal practice produces under conditions of actual judicial scrutiny—is inseparable from his status as a non-attorney who has personally engaged in that practice.

## III. THE PROPOSED BRIEF WILL ASSIST THE COURT

An *amicus* brief assists the Court by presenting information not found in the parties' briefs. *See Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003). The present record contains Nippon's theory grounded in one alleged abuser's conduct and OpenAI's arguments for dismissal. What it lacks is documented, judicially validated empirical evidence that AI-assisted *pro se* federal practice produces meritorious results. The proposed brief documents a practice record spanning six districts across four circuits. It does not restate the parties' legal arguments or repeat any theory already in the record.

## CONCLUSION

For the foregoing reasons, Mr. Gharavi respectfully requests that the Court grant leave to file the proposed brief attached as Exhibit 1.

Respectfully submitted,

Dated June 22, 2026

By: /s/ Nima Gharavi
Nima Gharavi, *pro se*
4610 North Clark St. #1098
Chicago, IL 60640
Phone: +1 (773) 899-4688
nima@rightcallofficialsinc.com

*Proposed Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of June 2026, I will file the foregoing with the Clerk of the Court. The CM/ECF system will send a "Notice of E-Filing" to the attorneys of record in the case.

/s/ Nima Gharavi
Nima Gharavi, *pro se*
4610 North Clark St. #1098
Chicago, IL 60640
Phone: +1 (773) 899-4688
nima@rightcallofficialsinc.com

*Proposed Amicus Curiae*

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NIPPON LIFE INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OPENAI FOUNDATION, and OPENAI GROUP PBC,<br><br>Defendants. | Case No. 1:26-cv-02448<br><br>**Judge John F. Kness**<br><br>**Magistrate Judge Gabriel A. Fuentes** |

**BRIEF OF NIMA GHARAVI AS AMICUS CURIAE**
**<u>IN SUPPORT OF NEITHER PARTY</u>**

## TABLE OF CONTENTS


Page

INTEREST OF AMICUS CURIAE ........ 1

ARGUMENT ........ 1

I. AI-ASSISTED PRO SE FEDERAL PRACTICE PRODUCES MERITORIOUS RESULTS ........ 1

II. THE EXISTING ACCOUNTABILITY FRAMEWORK IS SUFFICIENT ........ 3

CONCLUSION ........ 4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Dela Torre v. Nippon Life Insurance Company of America*,

No. 1:22-cv-07059 (N.D. Ill. Mar. 18, 2026) .................... 3

*Dix v. Edelman Fin. Servs., LLC*,

978 F.3d 507 (7th Cir. 2020) .................... 3

*Gharavi v. Google LLC*,

No. 1:26-mc-00027 (D. Del. Feb. 4, 2026) .................... 3

*Gharavi v. Kumar*,

2025 WL 3564208 (N.D. Cal. Dec. 12, 2025) .................... 1

*Gharavi v. Meta Platforms*,

No. 3:25-mc-80003-AGT (N.D. Cal. May 28, 2025) .................... 3

*Gharavi v. National Wrestling Media Ass'n*,

No. 0:26-mc-00012 (D. Minn. Mar. 30, 2026) .................... 3

*Gharavi v. Saylor*,

No. 5:26-mc-00007 (E.D. Pa. Apr. 22, 2026) .................... 2

*Glob. Weather Prods., LLC v. Al Jazeera Media Network*,

2026 WL 1591091 (N.D. Cal. June 3, 2026) .................... 2

*In re Chapman*,

328 F.3d 903 (7th Cir. 2003) .................... 3

*In re Davis*,

878 F.2d 211 (7th Cir. 1989) .................... 3

*In re DMCA 512(h) Subpoena to Dynadot Inc.*,

No. 3:25-mc-80138-TLT (N.D. Cal. Aug. 12, 2025) .................... 2

*In re DMCA 512(h) Subpoena to TikTok Inc.*,

No. 2:25-mc-00002-HDV-PD (C.D. Cal. May 28, 2025) .................... 2

*In re DMCA 512(h) Subpoena to Tumblr, Inc.*,

No. 1:24-cv-12718 (N.D. Ill. Feb. 5, 2025) .................... 2

*In re DMCA 512(h) Subpoena to X Corp.*,

No. 3:25-mc-80056-LB (N.D. Cal.) ........ 3

*In re DMCA Section 512(h) Subpoena to Google LLC*,

No. 3:25-mc-80001-PHK (N.D. Cal. Jan. 10, 2025) ........ 3

*In re DMCA Subpoena to eBay, Inc.*,

2015 WL 3555270 (S.D. Cal. June 5, 2015) ........ 2, 3

*In re DMCA Subpoena to Reddit, Inc.*,

No. 4:25-mc-80002-DMR (N.D. Cal. Jan. 13, 2025) ........ 3

**Rules**

Fed. R. Civ. P. 11 ........ 3

**Other Authorities**

Mitchell Levy, Comment, *Empirical Patterns of* Pro Se *Litigation in Federal District Courts*,

85 U. Chi. L. Rev. 1819 (2018) ........ 1

## INTEREST OF AMICUS CURIAE

*Pro se* plaintiffs prevail in approximately 4% of cases reaching final judgment, compared to 51% when both parties are represented. *See* Mitchell Levy, Comment, *Empirical Patterns of* Pro Se *Litigation in Federal District Courts*, 85 U. Chi. L. Rev. 1819, 1838 (2018).

*Amicus curiae* Nima Gharavi ("Amicus") is a *pro se* litigant who has, with AI assistance, obtained the extraordinary remedy of a TRO and preliminary injunction, prevailed in a contested subpoena proceeding against a social media platform represented by an AmLaw 100 firm, and received a favorable ruling that has been cited as persuasive authority by another federal district court. Amicus represents the interests of *pro se* litigants who rely on AI assistance in legal proceedings—a class directly and materially affected by the outcome of this case that neither party represents. No party or counsel for a party authored this brief in whole or in part, and no person other than Amicus contributed money intended to fund its preparation or submission.

## ARGUMENT

Nippon Life Insurance Company of America ("Nippon") alleges that OpenAI Foundation and OpenAI Group PBC's ("OpenAI") products enabled harmful *pro se* litigation, pointing principally to conduct attributed to Graciela Dela Torre. That theory, and any rule of liability it would establish, rests on assumptions about what AI-assisted *pro se* federal practice produces. No party's submission empirically tests those assumptions; the record below does.

### I. AI-ASSISTED PRO SE FEDERAL PRACTICE PRODUCES MERITORIOUS RESULTS

In *Gharavi v. Kumar*, 2025 WL 3564208, at *6 (N.D. Cal. Dec. 12, 2025), Amicus obtained a temporary restraining order and preliminary injunction on the merits of copyright management information claims *pro se*. A different judge in the same district subsequently adopted that legal

reasoning as persuasive authority. *Glob. Weather Prods., LLC v. Al Jazeera Media Network*, 2026 WL 1591091, at *4 (N.D. Cal. June 3, 2026).

Amicus has also prevailed in a vigorously contested subpoena proceeding when the Central District of California, following oral argument, denied TikTok's motion for a protective order—filed by Faegre Drinker Biddle & Reath LLP—and ordered production of subscriber information for 47 accounts. *In re DMCA 512(h) Subpoena to TikTok Inc.*, No. 2:25-mc-00002-HDV-PD (C.D. Cal. May 28, 2025), ECF No. 23. Separately, the Northern District of California granted Amicus's motion to compel against Dynadot Inc., rejecting Dynadot's asserted § 512(a) safe harbor defense on the merits. *In re DMCA 512(h) Subpoena to Dynadot Inc.*, No. 3:25-mc-80138-TLT (N.D. Cal. Aug. 12, 2025), ECF No. 19.

In this district—and in Amicus's first *pro se* filing—Amicus successfully persuaded the court to grant a motion broadening the subpoena's scope in *In re DMCA 512(h) Subpoena to Tumblr, Inc.*, No. 1:24-cv-12718 (N.D. Ill. Feb. 5, 2025), ECF No. 8. At a prior hearing, Judge Daniel had challenged, *inter alia*, Amicus's request for twelve months of IP address history; unable to address the issue in the moment, Amicus researched it, located persuasive authority supporting the request—*In re DMCA Subpoena to eBay, Inc.*, 2015 WL 3555270 (S.D. Cal. June 5, 2015)—and returned with the motion. The court restored the IP address history demand and granted a new subpoena to Microsoft based on Tumblr's initial production.

Three additional districts complete the record: in the Eastern District of Pennsylvania, the district court granted a motion to compel the respondent to produce documents and appear for deposition, *Gharavi v. Saylor*, No. 5:26-mc-00007 (E.D. Pa. Apr. 22, 2026), ECF No. 10; in the District of Minnesota, Amicus's motion to compel broke a months-long impasse and produced documentary evidence and a sworn declaration of compliance from respondent's former president,

*Gharavi v. National Wrestling Media Ass'n*, No. 0:26-mc-00012 (D. Minn. Mar. 30, 2026), ECF No. 12; and in the District of Delaware, the district court granted Amicus's subpoena motion, *Gharavi v. Google LLC*, No. 1:26-mc-00027 (D. Del. Feb. 4, 2026), ECF No. 5.

Beyond contested proceedings, major social media platforms represented by AmLaw 100 counsel have examined Amicus's claims and purpose before complying: Meta Platforms, Inc.—represented by Perkins Coie LLP—conducted months of conferral before producing responsive information in full, accepting the same *eBay* authority Amicus had first deployed in this district as the applicable standard for production scope, *Gharavi v. Meta Platforms*, No. 3:25-mc-80003-AGT (N.D. Cal. May 28, 2025), ECF No. 5; X Corp.—represented by McDermott Will & Emery LLP—required a constitutional analysis as a condition of compliance before ultimately complying in full, *In re DMCA 512(h) Subpoena to X Corp.*, No. 3:25-mc-80056-LB (N.D. Cal.), ECF No. 3. Google LLC and Reddit, Inc. similarly complied following court-approved subpoena issuances, *In re DMCA Section 512(h) Subpoena to Google LLC*, No. 3:25-mc-80001-PHK (N.D. Cal. Jan. 10, 2025), ECF No. 4; *In re DMCA Subpoena to Reddit, Inc.*, No. 4:25-mc-80002-DMR (N.D. Cal. Jan. 13, 2025), ECF No. 2.

## II. THE EXISTING ACCOUNTABILITY FRAMEWORK IS SUFFICIENT

Federal courts in this circuit already possess a graduated set of tools for abusive *pro se* filers: Rule 11 sanctions, monetary penalties, prescreening requirements, targeted filing injunctions, and circuit-wide bars scaled to the severity of conduct. *See In re Davis*, 878 F.2d 211, 212–13 (7th Cir. 1989); *In re Chapman*, 328 F.3d 903, 905–06 (7th Cir. 2003); *Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 521 (7th Cir. 2020).

Those tools are not theoretical. Just two weeks after this action was filed, the court in *Dela Torre v. Nippon Life Insurance Company of America* struck all five of the *pro se* plaintiff's pending

motions and requests and warned of a potential referral to the Executive Committee for filing restrictions. No. 1:22-cv-07059 (N.D. Ill. Mar. 18, 2026), ECF No. 115. Judicial mechanisms already available in this district identified and responded to the alleged abuse.

Under that same framework, Amicus has never been sanctioned, cautioned, or cited for frivolous filings.

## CONCLUSION

The foregoing record supplies what the parties' submissions do not: documented, judicially validated empirical evidence that AI-assisted *pro se* federal practice produces meritorious results. Across six districts and four circuits, federal courts have granted injunctive relief on the merits, compelled subpoena compliance from multiple respondents, and produced legal reasoning that a separate court independently adopted as persuasive authority. *Pro se* litigants like Amicus who rely on AI assistance in federal court have a direct interest in assuring that the factual premises underlying this litigation are accurate.

Respectfully submitted,

Dated June 22, 2026

By: */s/ Nima Gharavi*

Nima Gharavi, *pro se*
4610 North Clark St. #1098
Chicago, IL 60640
Phone: +1 (773) 899-4688
nima@rightcallofficialsinc.com

*Amicus Curiae*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NIPPON LIFE INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OPENAI FOUNDATION, and OPENAI GROUP PBC,<br><br>Defendants. | Case No. 1:26-cv-02448<br><br>**Judge John F. Kness**<br><br>**Magistrate Judge Gabriel A. Fuentes** |

**STATEMENT REGARDING MOTION STATUS AND BRIEFING SCHEDULE**

Proposed *amicus curiae* Nima Gharavi ("Mr. Gharavi") submits this statement pursuant to Judge Kness's motions policy. The motion is not agreed.

On June 12, 2026, Mr. Gharavi contacted all five counsel of record by electronic mail, identified his intention to file, and requested each party's position by close of business June 15, 2026. As of the date of this filing, no response has been received. Mr. Gharavi was accordingly unable to confer on a briefing schedule before filing.

Mr. Gharavi proposes the following briefing schedule: responses due within 28 days; replies due within 14 days of any response.

Respectfully submitted,

Dated June 22, 2026

By: /s/ Nima Gharavi

Nima Gharavi, *pro se*
4610 North Clark St. #1098
Chicago, IL 60640
Phone: +1 (773) 899-4688
nima@rightcallofficialsinc.com

*Proposed Amicus Curiae*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of June 2026, I will file the foregoing with the Clerk of the Court. The CM/ECF system will send a "Notice of E-Filing" to the attorneys of record in the case.

/s/ Nima Gharavi
Nima Gharavi, *pro se*
4610 North Clark St. #1098
Chicago, IL 60640
Phone: +1 (773) 899-4688
nima@rightcallofficialsinc.com

*Proposed Amicus Curiae*