# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.9 (rev. 1.9)
### Eastern Division

Nippon Life Insurance Company of America

                  Plaintiff,

v.

                                     Case No.: 1:26–cv–02448

                                     Honorable John F. Kness

OpenAI Foundation, et al.

                  Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, July 1, 2026:

      MINUTE entry before the Honorable John F. Kness: Plaintiff's motion [30] seeking a two–day extension of time to file its response to the pending motion to dismiss [14] is granted; the response must be filed on or before 7/3/2026. Defendants'; reply (if any) must be filed on or before 7/17/2026. Plaintiff's motion [30] seeking leave to file a 25–page response brief is also granted; any reply brief by Defendants may be up to 20 pages in length. Separately, the motions by proposed pro se amici Michael Spece and Nima Gharavi for leave to file amicus curiae briefs (Dkt. [21], [29]) are denied; Spece's motion for a supplemental statement [26] is thus dismissed as moot. With due regard for the accomplishments and experience of both proposed amici, allowing nonlawyers to participate in cases where they are not parties and do not qualify as intervenors is unwise. Litigation in the United States is, by design, driven primarily by the parties. *See, e.g., United States v. Sineneng–Smith,* 590 U.S. 371, 37576 (2020) ("In our adversarial system of adjudication, we follow the principle of party presentation."). It is true that courts of review, most especially the Supreme Court of the United States, often permit friends of the court to "bring[] to the attention of the Court relevant matter not already brought to its attention by the parties...." Sup. Ct. R. 37.1. But amicus briefs are rarely (if ever) filed in the Courts of Appeals by nonlawyers, and by rule they are not permitted in the Supreme Court. *See id.* ("An amicus curiae brief may be filed only by an attorney admitted to practice before this Court as provided in Rule 5."). More broadly, amicus participation in any federal court is not a matter of right and ought to be especially disfavored in ordinary district–court litigation, where the court's role is to resolve the parties' concrete dispute on the record, not to resolve questions of law for a group of States or the entire Nation. *See Leigh v. Engle,* 535 F. Supp. 418, 42022 (N.D. Ill. 1982); *cf. Nat'l Org. for Women, Inc. v. Scheidler,* 223 F.3d 615, 61617 (7th Cir. 2000); *Ryan v. Commodity Futures Trading Comm'n,* 125 F.3d 1062, 106364 (7th Cir. 1997) (Posner, C.J., in chambers). As Judge Posner explained in *Ryan*, amicus briefs too often burden courts and parties, duplicate the parties' submissions, and add volume without value. *See Scheidler,* 223 F.3d at 61617; *Ryan,* 125 F.3d at 106364. That concern applies here. Both parties are represented by capable counsel who can adequately present the relevant facts, law, and arguments, and the proposed amici identify no specialized expertise, direct legal interest, or independent legal analysis unavailable from the parties in this case. Their proposed participation would not assist the Court's decision–making and would unnecessarily expand the briefing.

Accordingly, and with the Court's respect for the proposed amici's sincere interest in this case, the motions for leave to participate as amici (Dkt. 21, 29) are denied. Any future request by any entity not a party to this case for leave to participate as an amicus must be filed through counsel and must explain the movant's interest; why an amicus brief is desirable; and why the matters asserted are relevant to the disposition of the case. *Cf.* Fed. R. App. P. 29(a)(3). Mailed notice. (exr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.