BC

FILED
MAN
7/8/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| NLICOA , ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:26-cv-02448 |
| ) | |
| OpenAI Foundation et al ) | Honorable John F. Kness |
| Defendants. ) | |

THIRD-PARTY NOTICE RULE OF EVIDENCE 201(b)(2) PLAINTIFF'S OWN SEVERE PROCEDURAL DOUBLE STANDARDS COMPARING CASE 1:25-CV-01483 DKT. 140 PP. 35–37, WHERE NIPPON LIFE BENEFITS FORMALLY SWORNED TO THE COURT THAT RESPONDENT IS AN ATTACKING, REVENGEFUL, AND CALCULATING HOSTILE LITIGANT ACTING OUT OF SUSTAINED ANIMOSITY, DIRECTLY CONTRASTED AGAINST THE CURRENT COMPLAINT IN 1:26-cv-02448, THIS LAWSUIT WHERE PLAINTIFF RADICALLY CONTRADICTS ITS PORTRAYAL BY ASSERTING RESPONDENT IS A HELPLESS INDUCED VICTIM DEVOID OF INDEPENDENT JUDICIAL INTENT, PROVING PLAINTIFF ATTEMPTS TO FABRICATE MUTUALLY EXCLUSIVE REALITIES ACROSS DIFFERENT ROOMS OF THIS DISTRICT IN DIRECT VIOLATION OF FEDERAL STANDARDS OF JUDICIAL TRUST AND NEUTRALITY; DKT.177 OF 1:25-cv-01483 RECORDS EXTORCION, COERCION, AND UNATORIZED ACCOUNT NAVIGATION FOR AN INDEPENDENT $10 MILLION DISPUTE BEING PLANNED SINCE SEPTEMBER 18, 2025.

PURSUANT TO FED. R. EVID. 201(b)(2) PLAINTIFF'S CERTIFIED RECORD AND SIGNED ADMISSIONS. Graciela Dela Torre, a third party and not part of this action, but mentioned by name, submits this ministerial notice to complete the record under Federal Rule of Evidence 201(b)(2). The uncontradicted public dockets and corporate signatures establish the administrative facts without subjective interpretation:

1. **DKT. 140 of Case No. 1:25-cv-01483: THE JURATED PORTRAYAL OF GRACIELA DELA TORRE AS A HOSTILE LITIGANT**:, Dkt: 140, Pages 35–37 records *"Her ongoing attempts to circumvent the finality of that resolution reflect... a refusal to let go of her anger toward NIPPON... an emotional agenda that far exceeds the scope of any legitimate dispute. This emotional agenda is rooted in resentment and frustration, and it reflects an ulterior motive: not to obtain lawful relief, but to retaliate as a form of revenge."*

2. **DKT. 1 OF CASE 1:26-cv-02448; THE RADICAL CONTRADICTION OF RESPONDENT AS AN INDUCED ACTOR:** Case No. 1:26-cv-02448, Document #: 1, Pages 1 and 20 records *"OPENAI intentionally induced and facilitated Dela Torre's breach of a valid and enforceable settlement agreement with NIPPON by encouraging and assisting her,"* detailing on Page 20 that *"ChatGPT analyzed the response and determined that Mr. Probst's response invalidated Dela Torre's feelings... ChatGPT ultimately concluded that the tactics used in Probst's response constituted gaslighting and were aimed at emotionally manipulating Dela Torre."* .

3. **DKT. 121 OF Case 1:22-cv-07059: THE SWORN CERTIFICATION OF SEPARATE TRANSACTIONS**:, Document #: 121, Page 2 records *"The cases are based on fundamentally different transactions and occurrences... These causes of action have nothing to do with the termination of DELA TORRE's long-term disability benefits. Rather, they seek redress for OpenAI's conduct... separate and distinct..."*

4. **DKT. *177* OF Case *1:25-cv-01483***: *Records Plaintiff's extortion, coercion, and unauthorized account navigation for an independent $10 million dispute being planned since September 18, 2025.*

No judicial action, ruling, or response is requested from this Court. This notice is filed strictly as a ministerial cross-case record lock under Fed. R. Evid. 201 to preserve the integrity of the certified dockets against contradictory corporate positioning.

Respectfully submitted, July 8, 2029
/s/Graciela Dela Torre
Elgin, IL 60123 630-670-5914 I gmestiza1@gmail.com