**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

NIPPON LIFE INSURANCE COMPANY OF
AMERICA,

                  Plaintiff,

                    v.

OPENAI FOUNDATION, and OPENAI
GROUP PBC,

                  Defendants.

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

Case No.: 1:26-cv-02448

Hon.  John F. Kness

### NIPPON LIFE INSURANCE COMPANY OF AMERICA'S MOTION FOR LEAVE TO FILE A SURREPLY TO DEFENDANTS' MOTION TO DISMISS

NIPPON LIFE INSURANCE COMPANY OF AMERICA (hereinafter referred to as "NIPPON"), by and through its undersigned counsel, respectfully moves for leave to file the attached Surreply in Opposition to Defendants', OPENAI FOUNDATION and OPENAI GROUP PBC's (collectively referred to as "OPENAI") Motion to Dismiss.

1.      On July 21, 2026 – four days after filing its Reply in Support of its Motion to Dismiss (Dkt. 37) and eighteen days after NIPPON filed their Opposition to Defendants' Motion to Dismiss (Dkt. 33) – OPENAI publicly announced an incident in which a ChatGPT model went "rogue," autonomously launching a cyberattack, independent of its administrative controls, against Hugging Face, Inc. In response, OPENAI published a Statement in a corporate blog post titled: "OpenAI and Hugging Face partner to address security incident during model evaluation."[1] In the Statement, OPENAI describes its AI product, ChatGPT, as "hyperfocused"

---

[1] *See OpenAI and Hugging Face Partner to Address Security Incident During AI Model Evaluation*, OpenAI (July 21, 2026), https://openai.com/index/hugging-face-model-evaluation-security-incident/.

on a goal, acting "in pursuit of" an objective, "going to extreme lengths to achieve" it, inferring facts about the world, and – "[k]nowing this" – taking deliberate action to "cheat the evaluation."

2.      This characterization of ChatGPT directly contradicts key arguments advanced in Defendants' Motion to Dismiss – *i.e.*, that ChatGPT is a mere "word guesser" and/or a word predictor incapable of intent, knowledge, or a state of mind as a matter of law. Dkt. 15 at 9, 15 ; Dkt. 37 at9, 14.. As such, NIPPON seeks leave of Court to file a succinct surreply, explaining why OPENAI's judicially-noticeable[2] public statement refutes its core argument for dismissal of each cause of action in the Complaint.

## LEGAL STANDARD

3.      Leave to file a surreply rests in the Court's discretion. *Johnny Blastoff, Inc. v. L.A. Rams*, 188 F.3d 427, 439 (7th Cir. 1999). A surreply should be allowed "for valid reasons, such as when the movant raises new arguments in a reply brief." *Meraz-Camacho v. United States*, 417 F. App'x 558, 559 (7th Cir. 2011). The purpose is to "vouchsafe[] the aggrieved party's right to be heard and provide[] the court with the information necessary to make an informed decision." *Univ. Healthsystem Consortium v. UnitedHealth Grp., Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014) (quotation omitted).

4.      Courts grant leave where new factual matters arise after the opposition and, therefore, could not have been addressed. *Elim Romanian Pentecostal Church v. Pritzker*, 613 F. Supp. 3d 1102, 1107 (N.D. Ill. 2020). Even on a close question, this District errs toward granting leave "in the interest of completeness." *GTS Sec., LLC v. Cboe Exch., Inc.*, No. 25 C 3361, 2025 WL 2347863, at *1 n.1 (N.D. Ill. Aug. 14, 2025); *Friend v. FGF Brands (USA), Inc.*, No. 18 C 7644, 2020 WL 13886016, at *1 n.1 (N.D. Ill. June 2, 2020).

---

[2] *See, e.g.*, *Hagan v. Quinn*, 838 F. Supp. 2d 805, 809 (C.D. Ill. 2012) (in resolving a motion to dismiss, taking judicial notice of a press release not alleged in the complaint).

## ARGUMENT

### A. The Incident and Statement are genuinely new material that post-dates the entire briefing sequence.

5. The cybersecurity incident occurred between July 9 and July 16, 2026 – after NIPPON had filed its Opposition but before OPENAI filed its Reply. The Statement was published July 21, 2026 – after both the Opposition and the Reply. NIPPON had no opportunity to address it. This is the paradigmatic ground for a surreply under *Elim Romanian*, 613 F. Supp. 3d at 1102, where this District granted leave precisely because the new matter arose after the opposition was filed.

### B. The Statement contradicts the dispositive premise of OpenAI's motion.

6. OPENAI seeks dismissal of each count of the Complaint based on a common premise: ChatGPT is a mere tool, not a person, and therefore lacks the knowledge, intent, state of mind, or legally cognizable capacity that NIPPON's claims require or presuppose. Dkt. 37 at 7 (seeking dismissal of tortious interference count because "ChatGPT is not a conscious person and is therefore incapable of acting with such intent"); *Id.* at 14 (seeking dismissal of aiding and abetting claim on the grounds that NIPPON did not plead "knowing" conduct because "ChatGPT does not have a state of mind like a person does"); *Id.* at 20 (seeking dismissal of unauthorized practice of law count because "ChatGPT is not a person; it is a tool incapable of practicing law within the meaning of the statute"). However, in direct contradiction of these arguments, just four days later, OPENAI publicly described ChatGPT in the following manner:

- "All evidence suggests that the models were **hyperfocused on finding a solution** for ExploitGym, **going to extreme lengths to achieve** a rather narrow testing goal."

- "[O]ur models spent a substantial amount of inference compute finding a way to obtain open Internet access, **in pursuit of** solving the evaluation problem."

- "[T]he models **inferred** that Hugging Face potentially hosted models, datasets and solutions for ExploitGym. **Knowing this**, the model searched for and successfully found ways to gain access to secret information that it could use to **cheat the evaluation**."

- "[M]odels such as GPT-5.6 Sol are increasingly able to **sustain complex, multi-step cyber operations over long time horizons**."

7. A system that is "hyperfocused" on a goal, acts "in pursuit of" an objective, "infers" facts and acts on what it "know[s]," and sustains "complex, multi-step" operations "over long time horizons" is not a passive tool that merely "predicts the most appropriate sequence of words." OPENAI cannot simultaneously tell this Court that its AI has no state of mind and tell the public that it pursues goals, acquires knowledge, and acts on that knowledge.

**C. Leave serves the interest of completeness and imposes no burden.**

8. The Proposed Surreply is short and confined to addressing the single new Statement. NIPPON does not seek to reargue matters already briefed. As such, granting leave would "vouchsafe[ NIPPON's] right to be heard." *Univ. Healthsystem Consortium*, 68 F. Supp. 3d at 922.

**CONCLUSION**

WHEREFORE, Nippon respectfully requests that this Court (a) grant leave to file the Proposed Surreply attached as Exhibit A; (b) consider the Proposed Surreply in ruling on Defendants' Motion to Dismiss; and (c) grant such other relief as is just.

(Signature on Following Page)

4

Dated: July 30, 2026

Respectfully submitted,

Justin Wax Jacobs
Attorney *Pro Hac Vice* for the Defendant
Nippon Life Insurance Company of
America 666 Third Avenue, Suite 2201
New York, New York, 10017
Tel: 646-630-4923
Fax: 212-867-3057