UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

FILED
10/01/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

Case No: 1:26-CV-02448

NIPPON LIFE INSURANCE COMPANY OF AMERICA, )
*Plaintiff* )
v. ) Case No.: 1:26-cv-02448
OPENAI FOUNDATION, et al., ) Honorable John F. Kness
*Defendants*. )

**MANDATE TO CEASE AND DESIST TO JUSTIN AARON WAX JACOBS AND NIPPON LIFE INSURANCE COMPANY OF AMERICA AND TO IMMEDIATELY HALT AND CLOSE THE FORCEFULLY INTRODUCED, NON-CONSENSUAL, NON-CONTRACTUAL INTERNATIONAL ARBITRATION PROCEEDING ADMINISTERED BY THE INTERNATIONAL CENTRE FOR DISPUTE RESOLUTIONS "ICDR" CASE NO. 01-25-0000-4189; PURSUANT TO FED. R. EVID. 201(b)(2) RECORDING EXTINGUISHMENT OF THE ARBITRAL MECHANISM DUE TO NIPPON'S WILLFUL DEFAULT IN AAA CASE NO. 01-25-0005-7312**

Pursuant to **Federal Rule of Evidence 201(b)(2)** Graciela Dela Torre, specifically named and referenced in the operative Complaint, submits this formal Notice of Cease and Desist. This filing serves as an uncontradicted, binding cross-case record lock to permanently establish the total absence of contractual jurisdiction for ICDR Case No. 01-25-0000-4189 and to enforce judicial estoppel against Plaintiff's ongoing out-of-court discovery harassment by Justin Aaron Wax Jacobs and Nippon LIfe Insurance Company of America.

**Prior Judicial Establishment of Illinois Operations:** Prior the execution of the contract, the memorandum opinion and order entered under **Case No. 1:22-cv-07059 ECF No. 20,** established as a matter of law that Nippon Life Insurance maintains active, full operational offices in Illinois. The Agreement governs.

**THE CONTRACTUAL PRECLUSION OF THE INTERNATIONAL TRACK:** The underlying Settlement Agreement executed on January 2, 2024, contains strict parameters: **1: Section 5.8 ILLINOIS. 2: Section 3.6** *"shall be settled by binding arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules."* The contract is completely silent as to the International Centre for Dispute Resolutions (ICDR) or any out-of-state divisions. **3: Section 5.2** *No supplement, modification, waiver or amendment of this Agreement shall be effective or binding unless executed in writing by all of the Parties."* No mutual written waiver exists to alter the domestic track.

**IRREVOCABLE EXTINGUISHMENT OF ARBITRATION UNDER CARR v. GATEWAY:** Ms. Dela Torre fully exhausted and satisfied the contractual dispute framework by initiating Domestic AAA Case No. 01-25-0005-7312 under the mandated domestic rules. On April 6, 2026, the AAA administrative closure certified: "The Respondent [Nippon Life] has failed to submit the previously requested filing fee; accordingly, we have administratively closed our file in this matter." Under the binding precedent of the Illinois Supreme Court in William Carr v. Gateway, Inc., 241 Ill. 2d 15 (2011), when an exclusive, contractually designated arbitral forum becomes unavailable due to a party's deliberate non-compliance, the entire agreement to arbitrate fails and is extinguished as a matter of law. Plaintiff cannot default-starve the contractually required domestic track and subsequently engineer an unpacted international shell track to bypass its own material breach by funding 100% of the non contractual International arbitration.

**JUDICIAL ESTOPPEL VIA PUNITIVE CIVIL CONTEMPT LITIGATION:** The uncontradicted public records demonstrate that Plaintiff Nippon has repeatedly and voluntarily invoked the jurisdiction of the public court system to enforce post-judgment actions following case closures:

- **Case No. 1:25-cv-01483 (Dkt. 129):** Motion to Enforce International Arbitrations and Hold Graciela Dela Torre in Civil Contempt of Court, filed by Justin Aaron Wax Jacobs.
- **Case No. 1:25-cv-01483 (Dkt. 190):** Motion to Enforce the Court's February 13, 2025 Order Compelling Arbitration and Subsequent Directives to Arbitrate, filed by Justin Aaron Wax Jacobs.

Having actively utilized public court dockets for punitive contempt litigation following case closures, Plaintiff is **judicially estopped** from asserting that public courts lack the jurisdiction to review the same contract. Plaintiff cannot treat public courtrooms as an available weapon for corporate sanctions while simultaneously arguing that state courts are barred from enforcing contract boundaries.

**SEPTEMBER 30, 2026 CONTINUED HARRASSMENT:** The certified record establishes a double standard intended to exploit an unrepresented litigant: On September 30, 2026, at 6:37 PM, counsel Justin Aaron Wax Jacobs ignoring a cease and desist letter received on July 10, 2026 and issued an email demanding answers to discovery demands under the dead international panel.

**MANDATE TO CEASE AND DESIST:** Notice is hereby given to Plaintiff's representative and counsel to **IMMEDIATELY CEASE AND DESIST** from any further execution of non-contractual discovery demands or account tracking. Any future non-compliance will be submitted directly to any Legal enforcement tracks and professional disciplinary bodies as evidence of willful malpractice.

Respectfully submitted, Oct 01, 2026. **/s/Graciela Dela Torre** 3rd party **Kane county, Elgin IL 60123**