**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

-----------------------------------------------------------------X

NIPPON LIFE INSURANCE COMPANY OF AMERICA,

Plaintiff,

v.

OPENAI FOUNDATION, and OPENAI GROUP PBC,

Defendants.

-----------------------------------------------------------------X

Case No.: 1:26-cv-02448

Hon. John F. Kness

**NIPPON LIFE INSURANCE COMPANY OF AMERICA'S MOTION TO STRIKE ECF DOCKET NUMBERS 36 AND 42 PURSUANT TO FRCP RULE 11**

1. The present action was filed by NIPPON LIFE INSURANCE COMPANY OF AMERICA (hereinafter referred to as the "NIPPON") against two named Defendants, OPENAI FOUNDATION and OPENAI GROUP PBC (hereinafter collectively referred to as "OPENAI"). Both NIPPON and OPENAI are represented by counsel in this lawsuit.

2. Graciela Dela Torre (hereinafter referred to as "Dela Torre") is an unnamed, non-participating, third-party individual. Ms. Dela Torre is not an attorney of record for either NIPPON or OPENAI. Neither is Ms. Dela Torre an attorney.

3. As of the date of this motion, Ms. Dela Torre has not sought to formally intervene in the present action pursuant to Federal Rule of Civil Procedure Rule 24.

4. Nonetheless, on July 8, 2026, Dela Torre submitted a filing titled: "Third-Party Notice of Rule of Evidence 201(b)(2) Plaintiff's Own Severe Procedural Double Standards Comparing Case 1:25-cv-01483 Dkt. 140 PP 3537, Where Nippon Life Benefits Formally Sworned [sic] to the Court that Respondent is an Attacking, Revengeful, and Calculating Hostile Litigant Acting

Out of Sustained Animosity, Directly Contrasted Against the Current Complaint in 1:26-cv-02448, This Mutually Exclusive Realities Across Different Rooms of this District in Direct Violation of Federal Standards of Judicial Trust and Neutrality; Dkt. 177 of 1:25-cv-01483 Records Extorcion [sic], Coercion and Unatorized [sic] Account Navigation for an Independent $10 million Dispute Being Planned Since September 18, 2025." Dkt. 36. The filing was marked as ECF docket number 36. *Id.* ECF Dkt. 36 contains Dela Torre's e-signature. *Id.*

5. According to the document itself, Dela Torre filed ECF Dkt. 36 "strictly as a ministerial cross-case record lock under Fed. R. Evid. 201 to preserve the integrity of the certified dockets against contradictory corporate positioning." *Id.* However, Rule 201 permits a court to notice adjudicative facts on its own or only "when a **party** requests it... (emphasis added)" Fed. R. Evid. Rule 201(c)(1-2). As a non-party to this action, Dela Torre has no standing to invoke Rule 201 or submit documents to the docket of a case in which she has no role.

6. Prior to the submission, Dela Torre did not seek leave from the Court to file ECF Dkt. 36.

7. Subsequently, on October 1, 2026, Dela Torre submitted a demand for NIPPON and its counsel, Justin Wax Jacobs, to cease and desist an arbitration between NIPPON and Dela Torre currently pending before the American Arbitration Association's Internation Centre for Dispute Resolution. *See* Dkt. 42. Like ECF Dkt. 36, ECF Dkt. 42 bears Dela Torre's e-signature. *Id.*

8. Like ECF Dkt. 36, Dela Torre did not seek leave of Court to file ECF Dkt. 42.

9. FRCP Rule 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. Rule 11(a). "The court must strike an unsigned paper …" *Id.*

10. Dela Torre is neither an attorney, nor a party to this case. As such, she does not have the authority to sign a submitted paper on this docket pursuant to FRCP Rule 11(a). *See* Fed. R. Civ. P. Rule 11(a). Both ECF Dkt. 36 and ECF Dkt. 42 are therefore unsigned papers within the meaning of the Rule and must therefore be stricken. *Id.*

11. A non-party who wishes to be heard in a pending action must first obtain leave of court, either by moving to intervene under Rule 24 or by seeking leave to appear. *See* Fed. R. Civ. P. 24(c); *United Staes v. Sineneng-Smith*, 590 U.S. 371, 375-376 (2020) ("In our adversarial system of adjudication, we follow the principle of party presentation."). Dela Torre has not attempted to intervene in the present lawsuit. Neither has she requested leave from this Court to submit filings. Accordingly, ECF Dockets 36 and 42 are palpably improper.

12. Additionally, neither filing has any bearing on the claims or defenses at issue in the present action. ECF Dkt. 36 purports to address positions taken in a separate proceeding, Case No. 1:25-cv-01483. ECF Dkt. 42 concerns a separate arbitration to which OPENAI is not a party. Neither filing seeks relief that this Court has the authority to grant in this action. Their continued presence serves only to clutter the docket and burden the Court and the Parties. Whereas motions to strike are generally disfavored due to their potential to delay litigation, removing unnecessary clutter from the docket, such as Dela Torre's two filings, only serves to expedite the process. *See* *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). As such, Dela Torre's two filings – ECF Dockets 36 and 42 – are ripe to be stricken.

**WHEREFORE**, NIPPON respectfully requests that the Court strike ECF Dockets 36 and 42.

(Signature on Following Page)

Dated: October 2, 2026

Respectfully submitted,

Justin Wax Jacobs
Attorney *Pro Hac Vice* for the Defendant
Nippon Life Insurance Company of
America 666 Third Avenue, Suite 2201
New York, New York, 10017
Tel: 646-630-4923
Fax: 212-867-3057

# CERTIFICATE OF SERVICE

I, Justin Wax Jacobs, hereby certify on October 2, 2026, I caused a true and correct copy of the foregoing Motion to Strike ECF Docket Numbers 36 and 42 Pursuant to FRCP Rule 11 to be filed electronically with the Clerk of Court via the Court's CM/ECF system and thereby served upon all of the named parties or their representatives.